**RECEIVED**
*Dec. 21, 2007*
**DEC 21 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES SISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION                    *JH*

REGINALD T. HARDAWAY, SR.

VERSUS

DELORES REASE (RET. PRINCIPAL)
AND THE CHICAGO BOARD
OF EDUCATION

**07CV7175**
**JUDGE DARRAH**
**MAG. JUDGE DENLOW**

## COMPLAINT

### I. Preliminary Statement

1.  This is a civil rights action for loss wages back pay and for compensation damages on behalf of Reginald T. Hardaway, Sr., who at all times relevant thereto, was employed as a teacher at the Chicago Board of Education in Chicago, IL.

2.  Reginald T. Hardaway, Sr., during his employment by the Chicago Board of Education was hired as a teacher at Schmid Elementary School.

    Reginald T. Hardaway, Sr. was terminated on June 2004. He was the one of two male teachers in the department where he worked. All remaining teachers were female. Principal Rease terminated Dr. Hardaway without giving a reason, but learned from a fellow teacher in October 2006, that he was terminated because of his gender (male). Dr. Hardaway was more qualified than the females who were not terminated. Thus, the defendants conduct constituted illegal sex discrimination.

3.  Dr. Hardaway was terminated June 2004, but did not learn of the reason for his termination until October 2006.

1

4.    Dr. Hardaway went to the EEOC Office in Chicago, and attempted to file a Title 7

Complaint. But, said the agency refused to accept it.

## II. Jurisdiction

This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e et seq. This Court has jurisdiction of this matter which is

brought to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §2000e

et seq., and plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 (4).

Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202. Injunctive relief, authorized by

the Act, is also sought and this Court has jurisdiction to grant such equitable.

This action is instituted herein within 90 days of the issuance of the said Notice.

5.    Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide the claims

under the laws of the State of Illinois, particularly the claims arising under the Illinois

Discrimination in Employment Law. Illinois State Const. Art. 1 Sec. 18 and for other

claims under Illinois State Civil Statutes for intention and negligent; infliction of emotional

distress, loss of enjoyment of life and mental anguish.

## Parties

6.    Plaintiff, Reginald T. Hardaway, Sr., is a male citizen of the United States of America, and

the State of Illinois, domiciled, and residing in the County of Cook. At all times relevant

hereto, he was of the majority age. During the time this cause of action arose, he was

employed by the Cook County Board of Education.

7.    Defendant, Chicago Board of Education, is a local entity organized under the law of the

State of Illinois, which school Chicago Board of ED. is located at 125 South Clark Street,

Chicago, IL.

2

8.  Defendant, Delores Rease, is domiciled in the County of Cook, State of Illinois, and at all times relevant hereto was principal of Schmid Elementary School.  Defendant Rease used her position as principal to terminate plaintiff's employment as a teacher solely because he is a male.

9.  The unlawful employment practices alleged herein were committed in the Northern District of Illinois within the jurisdiction of this Court.

10. The defendant, Chicago Board of Education is an employer that employs more than 15 people and is subject to the provision of the act and Illinois State Anti Discrimination Law(s).

11. The defendant, Delores Rease, at all times relevant hereto was principal of the Schmid Elementary School located in the City of Chicago.

12. In the course of his employment as principal, and wholly because of such position, defendant Rease discriminated against plaintiff because of his sex as a male by:

    A. Terminating his employment while retaining the females who were less qualified than plaintiff, where he had taught for 18 years, and developed various programs.

### Equity

13. Plaintiff has no plain, adequate or completed umenly at law to redress the wrongly alleged

### Declaratory Judgment

14. Plaintiff is entitled to have this Court to declare that the above described conduct is violative of the act, pursuant to 28 U.S.C. 2201, and if its persists upon rehiring of the plaintiff to enforce that declaratory judgment by injunctive pursuant to 28 U.S.C. 2202, and the contempt powers of this Honorable Court.

3

## Claims Under State Law

15. The allegations of the proceeding paragraph are incorporated by reference as if some has been herein in extenso.

16. The policies, actions, and practices of the defendant herein violated Illinois State liable under the applicable Illinois Statutes which the defendant, Chicago Board of Education, is vicariously liable under the theory of respondent superior pursuant to Illinois State Civil Statutes.

17. As to defendant Rease, the conduct also constituted infliction of mental distress, loss of enjoyment of life, and infliction of emotional distress.

18. As a result of the said damages inflicted upon the plaintiff by the defendants, or all or any of them, plaintiff is entitled to recover from the defendants the cost of his loss wages an/or loss earning capacity during the period of his unemployment following his discharge, and until he was able to find employment with equivalent earning capacity, and all other damages in the premises which may recoverable under Illinois law.

## Prayer for Relief

Wherefore, plaintiff, Reginald T. Hardaway, Sr., prays that after due proceedings in this matter, this Court grant the following relief:

Enter a declaratory judgment that the parties complained of herein are unlawful and violative Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. and Illinois State Anti Discrimination Statutes et seq;

Permanently engaging the defendant, it agents, successors offices, employees, attorney, and then acting in concert with it or them form engaging in each of the unlawful practices, policies,

custom and usage set forth herein, and from continuing any and all other practices shown to be in

violation of the applicable law;

Issue an order requiring the defendant to pay plaintiff all back pay.

The defendant be ordered to pay reasonable attorney's fees for the premises of this suit; and

Award plaintiff compensation damages for mental anguish, and emotional distress pursuant to

Illinois State Civil Statutes in the amount of $100,000.00. $300,000

Respectfully Submitted:

Reginald T. Hardaway
In Proper Person
5023 Harbor Lane
Richton Park, IL  60471
(708) 747-6228